IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:11-CV-43-FL

| | |
|---|---|
| HORACE SPIVEY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MICHAEL J. ASTRUE )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the Court upon the parties' cross-motions for Judgment on the Pleadings. (DE's-30, 36). Both parties have filed responses (DE's 38, 39), and the time for the parties to file any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-30) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-36) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits ("DIB")[1] on January 7, 2008 alleging that

---

[1] Plaintiff also filed an application for Supplemental Security Income ("SSI"), which was denied on the basis of excess resources with no medical determination. (Tr. 12). Accordingly, the ALJ did not consider the SSI application. *Id.*

1

he became disabled on November 1, 2001. (Tr. 12). He later amended his onset date to December 1, 2006. *Id*. This application was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated June 15, 2010. *Id.* at 12-18. On July 9, 2011, the Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on September 2, 2011. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g)

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its]

judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–440 (4th Cir. 1997).

"Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers

3

> whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through December 31, 2006. (Tr. 14). A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before December 31, 2006.

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful employment during the relevant time period. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from a single severe impairment, seizure disorder. *Id.* At this step, the ALJ noted that there was medical evidence in the record "of a significant psychiatric disorder . . . namely paranoid schizophrenia." *Id.* at 14-15. However, the ALJ ultimately determined that Plaintiff's paranoid schizophrenia "did not manifest itself until after the date last insured." *Id*. at 15. Therefore, the ALJ did not evaluate this impairment in his decision. *Id*. Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with restrictions. *Id.* Specifically, the ALJ found that Plaintiff:

4

> had the residual functional capacity to perform medium with lifting, carrying, pushing and pulling 50 pounds occasionally and 25 pounds frequently; no climbing of ladders and scaffolds; and no exposure to hazards, including unprotected heights and dangerous machinery and no automotive equipment as defined in 20 CFR 404.1567(c).
>
> *Id.*

Based on this finding, the ALJ found that Plaintiff could not perform any of his past relevant work. *Id.* at 16. However, based on the testimony of a vocational expert, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* at 17. Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant time period *Id.* at 18.

The ALJ's determinations were not supported by substantial evidence. First, the ALJ did not sufficiently discuss the medical record with regard to Plaintiff's seizure disorder. Specifically, the ALJ simply noted that "[t]he medical evidence regarding the claimant's seizure disorder does not support the level of severity that prevented all work activities." *Id.* at 16. The decision contains scant further discussion of the medical evidence supporting this finding. In evaluating a claim for DIB, the ALJ must adequately explain his evaluation of a claimant's impairments. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Hines v. Bowen, 872 F.2d 56 (4th Cir. 1989); Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985). He must also explicitly indicate the weight given to all relevant evidence. Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). *See also*, Hines, 872 F.2d at 59. Likewise, "an ALJ must discuss the evidence in the record and explain his reasons for not finding a disability." Byrd v. Astrue, 2012 WL 293304, * 4 (N.D.W.Va. February 1, 2012)(quotations omitted). "While an ALJ is not required to discuss every piece of evidence, he should discuss the evidence supporting his decision and the

5

uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* (quotations omitted). Here, the ALJ failed to do so.

Furthermore, the ALJ did not sufficiently analyze Plaintiff's paranoid schizophrenia. In cursory fashion, the ALJ simply noted that Plaintiff was not diagnosed with this impairment during the relevant time frame. First, the undersigned notes that Plaintiff was formally diagnosed with this impairment only 33 days after his date last insured. (Tr. 33-44, 310-315, 317-319). There is no indication of a sudden onset of this condition. *Id.* On the contrary, treatment notes demonstrate this condition may have predated any formal diagnosis. *Id.* at 310-315. Additionally, Plaintiff and his sister both testified that he experienced symptoms of mental illness well before his date last insured. *Id.* at 31-44, 45-51. Likewise, Plaintiff stated on October 15, 2007 that he " sees premonitions of the future" and that his illness began on September 11, 2001. *Id*. at 214. The ALJ should have further evaluated the evidence regarding this impairment, rather than simply dismissing it—with no analysis—as manifesting after Plaintiff's date last insured. Byrd, 2012 WL 293304, * 4.

Moreover, when a claimant alleges a medically determinable mental impairment, the ALJ is required to follow a special technique to evaluate such impairments, as described in 20 C.F.R. § 404.1520a(b)-(e). 20 C.F.R. § 404.1520a(a). *See also*, Sturdivant v. Astrue, 2012 WL 642541, * 4-5 (E.D.N.C. , Feb. 1, 2012). Under the special technique, an ALJ is to rate the degree of a claimant's functional limitation in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The first three functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id*. at § 404.1520a(c)(4). A four-point scale is used to rate the fourth functional area: none, one or two, three, and four or more. *Id*. The last point on each

scale represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id*.

The ALJ is also required to document in his decision his application of the special technique. *Id*. § 404.1520a(e). Specifically, an ALJ's written decision "must incorporate the pertinent findings and conclusions based on the technique" and "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." *Id* at § 404.1520a(e)(2). The decision must also include a specific finding as to the degree of limitation in each of the four functional areas. *Id*.

The ALJ did not make the type of refined analysis that the special technique compels. Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique into the ALJ's decision warrants remand for further proceedings. Sturdivant, 2012 WL 642541, * 5.

Likewise, even if Plaintiff's paranoid schizophrenia was not a severe impairment during the relevant period, the ALJ should have discussed the combined effects of Plaintiff's severe and non-severe impairments. Walker, 889 F.2d at 50; Hines, 872 F.2d at 56 ; Reichenbach v. Heckler, 808 F.2d at 312. *See also*, Mazyck v. Astrue, 2012 WL 315648, * 2 (D.S.C. February 1, 2012). Here, the ALJ conceded that Plaintiff's paranoid schizophrenia was "not . . . considered in . . . [his] decision." (Tr. 15).

For each of these reasons, this matter should be remanded for further administrative proceedings.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-30) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-36) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, August 07, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE